### FERRIS ET AL. *v.* DICKERSON ET AL.

PARTIES.—*Misjoinder of Parties.—Vendor's Lien.*—Where the conditions of a bond for the conveyance of real estate were the sale of property to the obligor and a third person, and the release by the obligee of said third person from liabilities for said obligee on account of said property, said third person was not a proper party plaintiff to an action to foreclose the vendor's lien.

From the Ripley Common Pleas.

*E. P. Ferris* and *S. M. Jones,* for appellants.
*W. D. Ward, J. O. Cravens,* and *J. B. Rebuck,* for appellees.

PETTIT, J.—This suit was brought by James B. Dickerson and Ephraim Raney, appellees, against William O'Brien, Edwin P. Ferris, Benjamin F. Bush, and John M. Albens. All the defendants were served with process. O'Brien was defaulted. The other defendants appeared.

The complaint was for a foreclosure of a vendor's lien on the following bond, with averments that O'Brien had assigned the bond to Ferris, and that Bush and Albens claimed, or were thought to have, some interest in the real estate, and hence they were made parties to the suit. There was prayer for judgment against O'Brien, and for a vendor's lien for the amount on the real estate. The bond on which the suit was brought was this:

"James B. Dickerson, of the county of Ripley, in the State of Indiana, is hereby held and bound unto William O'Brien, of the said county and State, in the penal sum of two thousand dollars, the payment whereof well and truly to be made and done, he binds himself, his heirs, executors, and administrators, firmly by these presents. Sealed and dated this 25th day of January, 1869. The condition of the above obligation is such, that whereas the said James B. Dickerson has this day sold to the said William O'Brien the following described real estate in Ripley county, State of Indiana, to wit: Lot number eight, as designated on the original plat of said town, for the sum of one thousand dollars, to be paid as follows, to wit: The said O'Brien has this day sold to said Dickerson and Ephraim Raney, a certain steam circular saw-mill and boiler, and all fixtures for running the same, now on a flatboat at Westport, Oldham county, in the State of Kentucky, for the sum of twelve hundred dollars, to be paid as follows, to wit: Two hundred dollars cash in hand, and one thousand dollars in a certain lot, and all the buildings and appurtenances thereto belonging, to wit, lot number eight, in the town of Versailles, in Ripley county, State of Indiana. And the said O'Brien is to furnish any and all pieces or parts of said machinery and fixtures that may be necessary, and to do all necessary work

Ferris *et al. v.* Dickerson *et al.*

on said boiler and machinery in the way of repairs, to put the same in good running order; but the said Dickerson and Raney are to put up said mill at their own proper expense. Now, when the said O'Brien shall have fully complied with the foregoing stipulations and agreements, and shall pay off and satisfy all incumbrances and liens on said mill and machinery, and shall have the said Raney released from all liability on his bond for the said O'Brien in the suit of replevin for said mill and machinery, and shall also repay or refund to the said Dickerson and Raney any sum they shall advance for repairs, etc.; then the said James B. Dickerson shall make, execute, and deliver to said O'Brien a good and sufficient deed of general warranty, free from all incumbrances, for said lot; then this obligation to be void; otherwise to be in full force and virtue in law.

> "WILLIAM O'BRIEN.
> "J. B. DICKERSON."

O'Brien, as we have above stated, was defaulted, and the other defendants demurred to the complaint for want of sufficient facts, and for misjoinder of parties plaintiffs. The demurrer was overruled, and exceptions taken.

This ruling was so plainly and palpably erroneous, that we need go no further.

The complaint on the bond showed no right in Raney to join Dickerson in bringing a suit to foreclose a vendor's lien.

We will not notice any other question, as the foundation of the case is too slim to support the superstructure attempted to be built.

The judgment is reversed, at the costs of the appellees, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings.